The document below is hereby signed.

Signed: December 6, 2017



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 12-00637 |
| GERALD HENNEGHAN, | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | **Not for publication in** |
| | ) | **West's Bankruptcy Reporter.** |

MEMORANDUM DECISION AND ORDER DENYING
<u>MOTIONS SEEKING TO REOPEN THE CASE AND OTHER RELIEF</u>

The debtor has filed three motions seeking principally to reopen his bankruptcy case (Dkt. Nos. 39, 40 and 41), that was closed on July 10, 2013, to pursue contempt motions for alleged violations of the discharge injunction. However, the requests to reopen will be denied because the debtor has failed to establish a violation of the discharge injunction.[1]

I

The debtor is seeking to reopen his case based on allegations that several parties have violated the discharge injunction. The Bankruptcy Code grants bankruptcy courts

---

[1] The motions, in two instances, additionally request a referral to the Attorney General of alleged violations of the law. Those requests will be denied as well and do not warrant further discussion.

authority to reopen a case "to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b)  This is a discretionary authority left to the bankruptcy courts.  *In re Covelli*, 550 B.R. 256, 263 (Bankr. S.D.N.Y. 2016).  "The court has discretion not to reopen a case to consider a debtor's motion for contempt when the allegations of that motion fail to establish a violation of the discharge injunction."  *In re Kernacs*, No. 09-00783, 2017 WL 2407856, at *3 (Bankr. D.D.C. June 6, 2017).

Under 11 U.S.C. § 727(b), except as provided in 11 U.S.C. § 523(a), a debtor who receives a discharge under chapter 7 is discharged from "all debts that arose before the date of the order for relief under this chapter."  The order for relief arose upon the debtor's filing his petition commencing this bankruptcy case.  11 U.S.C. § 301(b); *Malik v. Palisades Collection, L.L.C.*, No. 1:07-cv-52, 2008 WL 2397628, at *2 (W.D. Mich. June 10, 2008).  This means that the discharge only applies to debts that were incurred prior to the filing of the petition.  The debtor filed the petition for this case on September 20, 2012, thus only debts incurred before that filing on September 20, 2012, are discharged.

The relief for violation of the discharge injunction is civil contempt.  *Covelli*, 550 B.R. at 269.  However, "[c]ivil contempt requires a showing of a violation of an injunction by

clear and convincing evidence." *Kernacs*, 2017 WL 2470856, at *3. The debtor must show that the creditor had actual or constructive knowledge of the discharge order and did not comply with it. *Covelli*, 550 B.R. at 269.

For the reasons stated below, I do not find that the debtor has provided sufficient evidence to support his allegations that the discharge injunction has been violated.  Accordingly, the debtor's motions to reopen will be denied.

### A.  Water and Sewer Charges

The debtor contends in his first motion to reopen (Dkt. No. 39) that the DC Water & Sewer Authority violated the discharge injunction by billing discharged water and sewer debts and he submits the most recent water and sewer bill as proof of that violation.  However, the attached bill does not show a violation of the discharge injunction.  For one thing, the bill was sent to Godfrey Henneghan.  In checking the court's records, the debtor never listed this name as his own, or as an alias.  A separate motion (Dkt. No. 41) includes, as an attachment, a decision, *In re Estate of Sarah Ellen Henneghen*, No. 11-PR-360 (D.C. June 14, 2012), in which the Court of Appeals notes that Godfrey Henneghen is the debtor's brother.  The debtor does not allege that he is Godfrey Henneghan, nor that the DC Water & Sewer Authority put the wrong name on the bill.  His allegations fail to establish that he owed the debt at issue, or that DC Water & Sewer

3

Authority was trying to collect this as a debt of the debtor instead of as a debt of Godfrey Henneghen.

Moreover, even if the bill is the debtor's, the bill does not indicate that the DC Water & Sewer Authority is seeking to collect a prepetition debt. The bill only lists the dates of the most recent water usage, indicates past due amounts not paid, but not the dates of those past due amounts, and indicates the penalty charge for not paying past due amounts. It is also odd that the debtor would seek contempt charges now, more than four years after the entry of his discharge, if the DC Water & Sewer Authority has been seeking prepetition debts in violation of the discharge injunction.

Additionally, the debtor seeks relief under 15 U.S.C. § 1640(a), which is not related to violations of a discharge injunction. Accordingly, the debtor has not shown cause for reopening his case.

### B.  Electricity Charges

The debtor contends in his second motion to reopen (Dkt. No. 40) that Pepco Holdings, Inc. ("Pepco") violated the discharge injunction by "reinstating the discharged debt against the debtor." Dkt. No. 40 at 3. Attached to the debtor's motion is allegedly a portion of an answer filed by Pepco in response to the debtor's complaint with the DC Public Service Commission referring to an attached letter purportedly from the debtor

4

requesting that he be made the account holder after his father died.  The debtor claims he never sent that letter.

Even if the court assumes that the letter is fraudulent, the debtor's allegations and evidence presented do not show that Pepco is charging the debtor for any debt incurred prior to the debtor's petition date.[2]  Only if the debt being collected arose prepetition could there be a violation of the discharge injunction.

Finally, again, the debtor seeks relief under 15 U.S.C. § 1640(a), which is not related to a violation of a discharge injunction.  Therefore, the debtor has not shown cause to reopen his case.

### C. Proceedings Against the Debtor's Property

The debtor's third motion to reopen (Dkt. No. 41) alleges that numerous defendants have violated the discharge injunction by "reinstating the discharged debt against the debtor's property."  Dkt. No. 41 at 5.  A discharge "extinguishes only 'the personal liability of the debtor' . . . [while] a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy."  *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991).  A foreclosure action is to collect a debt against property

---

[2] The alleged answer notes that the debtor has two accounts, a pre-bankruptcy and post-bankruptcy account.  Nothing in the debtor's motion indicates which account he is being charged under.

5

encumbered by a mortgage, not to collect the debt as a personal obligation of the debtor, and creditors act within their rights to seek foreclosure even after the debtor has received a discharge.  Nothing in the debtor's motion shows that any creditor is attempting to collect the debt owed the creditor as a personal obligation of the debtor instead of merely enforcing a preexisting lien against the debtor's property.  Additionally, the debtor seeks relief under 15 U.S.C. §§ 1635(a) and 1640(a), neither of which is related to violations of the discharge injunction.  Accordingly, the debtor has not shown a reason for reopening his case.

                                III

It is thus

ORDERED that the debtor's motions (Dkt Nos. 39, 40 and 41) seeking orders to reopen the bankruptcy case and other relief are DENIED without prejudice to the debtor's filing a future motion to reopen showing that the discharge injunction has been violated.

                                        [Signed and dated above.]

Copies to: Debtor; e-recipients of orders;

Bank of America, N.A.
CT Corporation System
1015 15th Street, NW
Suite 1000
Washington, D.C. 20005

Bank of New York Melon
225 Liberty Street
New York, N.Y. 10286

DC Water & Sewer Authority
P.O. Box 97200
Washington, D.C. 20090

Exelon Corporation
Corporate Creation Network
1629 K Street, NW
Suite 300
Washington, D.C. 20006

Gerald I. Fisher
DC Superior Court
500 India Ave, NW
Washington, D.C. 20001

Martin S. Goldberg, Esq.
174 Waterfront Street
Suite 400
Oxon Hill, M.D. 20745

Green Tree Mortgage Company, L.P.
CT Corporation System
1015 15th Street, NW
Suite 1000
Washington, D.C. 20005

John Ramsey Johnson
DC Superior Court
500 Indiana Ave., NW
Washington, D.C. 20001

Michael V. Kuhn, Esq.
174 Waterfront Street
Suite 400
Oxon Hill, M.D. 20745

Shana Frost Matini
DC Superior Court
500 Indiana Ave., NW
Washington, D.C. 20001

Frederick Nix, Esq.
174 Waterfront Street
Suite 400
Oxon Hill M.D. 20745

PEPCO Holding, Inc.
Corporate Creation Network
1629 K Street, NW
Suite 300
Washington, D.C. 20006

Select Portfolio Servicing, Inc.
Corporation Service Company
1090 Vermont Ave., NW
Washington, D.C. 20005

Specialized Loan Servicing, LLC
Capitol Corporate Service Inc.
1090 Vermont Ave., NW
Suite 910
Washington, D.C. 20005