The document below is hereby signed.

Signed: January 8, 2020



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 12-00637 |
| GERALD HENNEGHAN, | ) | (Chapter 7) |
| | ) | Not for publication in |
| Debtor. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
EMERGENCY MOTION SEEKING TO REOPEN CASE, TO IMPOSE STAY
AND FOR INJUNCTION TO ENJOIN PUBLIC AUCTION OF DEBTOR'S HOME

The debtor, Gerald Henneghan, has filed a motion, titled in full:

> *Debtor Gerald Henneghan's Ex-Parte Emergency Motion To Reopen His Chapter 7 Case, To Impose Stay To Avoid Irreparable Harm And For An Injunction To Enjoin The Defendants From Selling His Home At Public Auction On Wednesday, January 8, 2020 at 12:08PM and To Administer Assets*

(Dkt. No. 58) ("*Emergency Motion*"). The purported emergency is a foreclosure sale set for today. However, a foreclosure sale does not violate the discharge injunction. As this court previously noted:

> A discharge "extinguishes only 'the personal liability of the debtor' ... [while] a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991). A foreclosure action is to collect a debt against property encumbered by a mortgage, not to collect

> the debt as a personal obligation of the debtor, and creditors act within their rights to seek foreclosure even after the debtor has received a discharge.

*In re Henneghan*, No. 12-00637, 2017 WL 6371340, at *2 (Bankr. D.D.C. Dec. 7, 2017).  There being no justification for reopening the case on an emergency basis, it is

   ORDERED that the *Emergency Motion* (Dkt. No. 58) is DENIED.

[Signed and dated above.]

Copies to: Debtor; e-recipients of orders.